# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

August 2, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CHAD S. THOMPSON,**
**Claimant Below, Petitioner**

**vs.)    No. 16-0809** (BOR Appeal No. 2051096)
(Claim No. 2014030912)

**HUNTINGTON ALLOYS CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Chad S. Thompson, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Huntington Alloys Corporation, by Jillian L. Moore, its attorney, filed a timely response.

The issue on appeal is the closure of the claim for temporary total disability benefits. The claims administrator closed the claim for temporary total disability benefits on August 27, 2014. The Office of Judges affirmed the decision in its January 21, 2016, Order. The Order was affirmed by the Board of Review on August 2, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Thompson, a mechanic, was injured in the course of his employment on April 8, 2014, when he bent over to open a valve and felt pain in his back and leg. Mr. Thomson filed a report of injury on April 25, 2014, stating that he injured his back and right leg on April 8, 2014, when he was bending over to open a valve. He was diagnosed with a sprain of the right lumbosacral and sacroiliac areas as well as lumbar radiculitis. The claim was held compensable for lumbar sprain and Mr. Thompson was eligible for temporary total disability benefits from April 25, 2014, through May 12, 2014.

1

Mr. Thompson was treated by Allen Young, M.D., for the injury. A treatment note indicates Mr. Thompson was diagnosed with lumbosacral strain with radiculopathy on April 15, 2014. On April 22, 2014, he was released to return to modified duty with no lifting over twenty pounds and no repetitive bending or stooping. A modified duty program assessment form was completed on April 25, 2014. Mr. Thompson was taken off of work and was to begin chiropractic sessions. On May 13, 2014, he reported that chiropractic treatment was not working. He was ordered to stop it and begin physical therapy. A modified duty program assessment form was completed on May 27, 2014, and indicated Mr. Thompson continued to be off of work. On June 10, 2014, Mr. Thompson was still unable to work. He was to continue physical therapy for two more weeks and have a neurosurgical consultation. On July 18, 2014, he was released to return to modified duty. On June 24, 2014, treatment notes indicate Mr. Thompson was awaiting authorization for a neurosurgical consultation. He was off of work at that time. On July 8, 2014, Mr. Thompson continued to be off of work and it was noted that he had no lumbar problems prior to the compensable injury. In a July 18, 2014, update, it was noted that he was again on modified duty. On August 12, 2014, Dr. Young ordered three lumbar spine injections. Finally, on August 29, 2014, Mr. Thompson was again noted to be off of work. He was feeling somewhat better since a spine injection a week prior. He was starting to work again and was tolerating it better.

In a June 3, 2014, independent medical evaluation, Michael Condaras, M.D., opined that Mr. Thompson would be at maximum medical improvement following two additional weeks of physical therapy. He found that Mr. Thompson was capable of working light duty with weight restrictions of fifteen pounds and avoidance of frequent twisting and bending. He found that Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) would not be used due to pre-existing findings seen on the MRI. Using West Virginia Code of State Rules § 85-20-C (2006), he placed Mr. Thompson in Lumbar Category II and assessed 6% impairment.

A June 10, 2014, letter by Evelyn Webb, R.N., indicates Dr. Young saw Mr. Thompson that day for a lumbar sprain. Mr. Thompson was undergoing physical therapy. It was noted that a lumbar MRI taken on April 23, 2014, showed a disc injury at L4-5. A July 3, 2014, treatment note from Pleasant Valley Hospital physical therapy center indicates Mr. Thompson was being treated for a lumbar bulging disc. Treatment began on May 22, 2014. He reported feeling 50% better overall.

The claims administrator denied Dr. Young's request for three epidural steroid injections on July 22, 2014, because Mr. Thompson was found to be at maximum medical improvement as of June 30, 2014. It also stated that the MRI showed minimal degenerative disc changes at L3-4 with no additional findings. It further noted that West Virginia Code of State Rules § 85-20-37.6 (2006) states that strains/sprains exceeding eight weeks of treatment requires detailed reevaluation and no objective evidence was provided to substantiate veering from the guidelines. The claims administrator granted a 6% permanent partial disability award on July 24, 2014. On August 27, 2014, it closed the claim for temporary total disability benefits.

In an October 28, 2014, treatment note, Dr. Young stated that he was administering Mr. Thompson's third injection. He was still experiencing a lot of pain even after treatment. There was no significant change overall. Dr. Young stated that he would get a referral to Marshall University Neurosurgery. A treatment note by Joseph DeLapa II, M.D., dated December 16, 2014, indicates Mr. Thompson was seen for pain management. The impressions were lumbar spondylosis, lumbar stenosis, and lumbar degenerative disc disease. Dr. DeLapa recommended diagnostic block injections.

Mr. Thompson testified in a deposition on May 5, 2015, that he first missed work on April 26, 2014. He stated that this back injury originally was not bad but progressively worsened. When he saw Dr. Condaras, he was not at maximum medical improvement but Dr. Condaras stated that he would be at maximum medical improvement shortly. Mr. Thompson stated that he finished physical therapy and returned to work on modified duty on July 9, 2014. He worked for thirty days doing nothing but filing paperwork. After thirty days, he again stopped working. He returned to work full time on February 9, 2015. He stated that he noticed improvements or changes between the time his temporary total disability benefits stopped and when he returned to work in February. He stated that other than minor muscle pulls, he had no pre-existing back problems or injuries.

The Office of Judges affirmed claims administrator's closure of the claim for temporary total disability benefits on January 21, 2016. It found that Mr. Thompson was evaluated by Dr. Condaras on June 3, 2014, and Dr. Condaras authored a report on June 14, 2014. He opined that Mr. Thompson suffered a lumbar sprain, which is the compensable condition. Dr. Condaras asserted that Mr. Thompson would reach maximum medical improvement following two additional weeks of physical therapy. Mr. Thompson testified in his deposition that he continued his therapy. Dr. Condaras then found that he had 6% whole person impairment. Mr. Thompson was granted a permanent partial disability award on July 24, 2015. He returned to work on July 9, 2014. The Office of Judges found that Mr. Thompson completed physical therapy, was released to return to work, and did actually return to work. He was therefore no longer entitled to temporary total disability benefits. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on August 2, 2016.

After review, we agree with the reasoning of the Office of Judges and conclusions of the Board of Review. Pursuant to West Virginia Code § 23-4-7a (2005), temporary total disability benefits will cease when the claimant has reached maximum medical improvement, has been released to return to work, or has returned to work, whichever occurs first. In this case Mr. Thompson was found to be at maximum medical improvement, released to return to work, and actually did return to work. The case was properly closed for temporary total disability benefits.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 2, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker